UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER KITTS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-cv-235-DCLC-CRW |
| CORE CIVIC ET AL.,[1] | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction incarcerated in the Trousdale Turner Correctional Center ("TTCC"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of allegations regarding an attack and his subsequent cell assignment during his incarceration in TTCC [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be granted, and the Court will transfer this action to the Nashville Division of the United States District Court for the Middle District of Tennessee.

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [*Id.*] that he cannot pay the filing fee. Accordingly, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 300, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income

---

[1] While the Court's docket lists Trousdale Turner Correctional Complex as a Defendant, it is apparent that Plaintiff has sued only "Core Civic Et[] Al[][.]" [Doc. 2 p. 1; Doc. 1 p. 3]. Accordingly, the Clerk will be **DIRECTED** to update the Court's docket sheet to reflect this.

(or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   TRANSFER

As it does not appear that this Court is the proper venue for this lawsuit, and all the events underlying the complaint occurred in the Nashville Division of the United States District Court for the Middle District of Tennessee, the Court will transfer this action to that Court. Specifically, as set forth above, Plaintiff's complaint arises out of incidents during his incarceration in TTCC [Doc. 1 p. 3–4]. But TTCC is in Trousdale County, Tennessee, which lies within the Nashville Division of the United States District Court for the Middle District of Tennessee. 28 U.S.C. § 123(b)(2); https://www.tnmd.uscourts.gov/divisions-court.

Also, the only Defendant Plaintiff has named in his complaint is Core Civic. Core Civic is a private corporation that manages TTCC and has a headquarters and facility support center in Williamson County, which also lies within the Nashville Division of the Middle District of Tennessee. https://www.corecivic.com/facilities. *Id.*; 28 U.S.C. § 123(b)(2). Core Civic does not manage a facility in this Court's District.[2] https://www.corecivic.com/facilities.

---

[2] Core Civic operates the following facilities in Tennessee: (1) Hardeman County Correctional Facility in Whiteville, Tennessee, which is in the Eastern Division of the Western District of Tennessee, 28 U.S.C. § 123(c)(1); (2) South Central Correctional Center in Clifton,

The general venue statute for federal district courts provides that:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). The residence of a corporate defendant is "any judicial district in which such defendant is subject to the Court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Also, where a corporation is subject to personal jurisdiction in a state with multiple judicial districts, the "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

As Core Civic does not operate a facility or appear to have any other significant contacts in this District, it seems unlikely that the corporation resides here, such that this Court could be the proper venue for Plaintiff's complaint under § 1391(b)(1). But even if Core Civic (or any unnamed Defendant, to the extent the complaint could be liberally construed to sue other

---

Tennessee, which is in the Columbia Division of the Middle District of Tennessee, 28 U.S.C. § 123(b)(3); (3) TTCC, which is in Nashville Division of the Middle District of Tennessee, 28 U.S.C. § 123(b)(2); (4) West Tennessee Detention Facility in Mason, Tennessee, which is in the Western Division of the Western District of Tennessee, 28 U.S.C. § 123(c)(2); and (5) Whiteville Correctional Facility, in Whiteville, Tennessee, which is in the Eastern Division of the Western District of Tennessee, 28 U.S.C. § 123(c)(1). https://www.corecivic.com/facilities.

3

Defendants) did reside in this District, a court may transfer an action "to any other district or division where it might have been brought" for the convenience of parties and witnesses, where that transfer would better serve the interests of justice. 28 U.S.C. § 1404(a). All the incidents alleged in Plaintiff's complaint occurred in the Middle District, where Core Civic has significant contacts. Thus, transfer of this action to the Middle District would serve the interests of justice and is appropriate under §1404(a). *Webster v. Core Civic*, No. 3:22-CV-000398, 2022 WL 3009110, at *2 (M.D. Tenn. July 28, 2022) (transferring pro se prisoner complaint filed in the Middle District of Tennessee to the Western District under § 1404(a), as that was where the incidents underlying the complaint occurred).

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to update the Court's docket to reflect that Plaintiff has sued "Core Civic Et Al.";

2. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

3. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy; and

6. The Clerk will be **DIRECTED** to transfer this action to the Nashville Division of the Middle District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

s/Clifton L. Corker
United States District Judge